# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANN WIGHTMAN,

      Plaintiff,      :      Case No. 3:05-cv-204

                                  District Judge Thomas M. Rose
     -vs-                         Chief Magistrate Judge Michael R. Merz

                              :

REASSURE AMERICA LIFE
 INSURANCE CO.,

      Defendant.

---

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

---

This case is before the Court on Plaintiff's Motion to Compel Discovery (Doc. No. 16). Before referring the case to a United States Magistrate Judge, District Judge Rose entered an Order to Show Cause (Doc. No. 17) requiring a response from Defendant not later than November 8, 2006, which Defendant filed on that date (Memorandum in Opposition, Doc. No. 21). Under S. D. Ohio Civ. R. 7.2, Plaintiff's time to file a reply memorandum in support expired on November 22, 2006, but no reply was filed and the Motion became ripe for decision on that day.

In the Motion, Plaintiff represents that she sought all documents contained in the claims file relating to her insurance claim with the Defendant. When documents were produced on October 28, 2005, Defendant advised it was withholding documents 806-816 and 1387-1393 because they "contain[ed] information relating to surveillance and will be produced after Plaintiff's deposition." While Defendant asserted that no other documents existed in the claims file, Plaintiff believes that the file should contain, presumably because she believes such files maintained by insurance companies usually contain, documents "which make reference to reserves set by Reassure America

for the claim . . . [and] to Reassure America's decision to adjust the claim under a reservation of rights." (Quoted, Motion to Compel, Doc. No. 16-1, at 3.) Discovery was suspended while the parties attempted to settle the case. After mediation, the surveillance documents were again demanded along with a privilege log (See Ex. 3 to Doc. No. 16-1) which Defendant declined to produce until after Plaintiff's deposition. Plaintiff's Motion seeks to compel production of the surveillance documents.[1]

Plaintiff notes that Defendant made no objection with respect to the surveillance documents when it first responded to the document request and that failure to do so constitutes a waiver of any objections, relying on *Carfagno v. Jackson Nat'l Life Ins. Co.*, 2001 U.S. Dist. LEXIS 1768 at *3 (D Mich. 2001)(Motion, Doc. No. 16-1, at 5). She also notes that Defendant is relying on *Snead v. AM Export-Isbrandtsen Lines, Inc*., 59 F.R.D. 148 (E.D. Pa. 1973), which she characterizes as old law never cited as authority in this Circuit.

In response, Defendant insists it waived nothing by withholding the surveillance documents because refusing to produce them until after Plaintiff's deposition is "consistent with Rule 26 of the Federal Rules of Civil Procedure." (Memorandum, Doc. No. 21, at 2.) It now asserts that "numerous courts have concluded that surveillance materials are not discoverable until after the deposition of the person to be impeached has been completed." *Id*. at 3. In addition to *Snead*, Defendant relies on *Smith v. Diamond Off Shore Drilling, Inc.*, 169 F.R.D. 582 [sic: correct citation is 168 F.R.D. 582] (S.D. Tex. 1996); *Corrigan v. Methodist Hospital,* 158 F.R.D. 54 (E.D. Pa. 1994); *Forbes v. Hawaiian Tug and Barge Corp.*, 125 F.R.D. 505 (D. Hawaii 1989); *Daniels v. AMTRAK*, 110 F.R.D. 160 (S.D.N.Y. 1986); *Blyther v. Northern Lines, Inc*., 61 F.R.D. 610 (E.D.

---

[1]The Motion also sought, if necessary, an order compelling responses to Plaintiff's second set of interrogatories and requests for production of documents. In its Response, Defendant asserts it has responded to that discovery within the time allowed as extended by agreement. Plaintiff has not gainsaid that assertion and the Court assumes that the second set of discovery requests has been appropriately responded to without order.

Pa. 1973); *Dodson v. Persell*, 309 S. 2d 704 (Fla. 1980); *Johnson v. Rainner,* 350 A. 2d 4073 (N.J. 1976); and *Pioneer Lumber, Inc., v. Bartels*, 673 M.U. 2d 12 (Ind. Ct. App. 1996).

The cited state court cases are of no assistance. *Pioneer Lumber* is unavailable to the Court and a copy has not been provided. The case that appears at 350 A. 2d 4073 is not a New Jersey case as cited, but rather an appeal to the Commonwealth Court of Pennsylvania from a decision of the Workmen's Compensation Board. The case that appears at 309 S. 2d 704 is *Gonzales v. Winn-Dixie Louisiana, Inc.*, from the Fourth Circuit Court of Appeals in Louisiana, and not from Florida at all as cited.

In *Daniels v. AMTRAK*, the court granted a motion to compel production of surveillance films, but only after plaintiff and other witnesses were deposed "so that their testimony may be frozen," 110 F.R.D. at 161, citing *Blyther* and *Snead*. The opinion is very brief and does not discuss what authority there might be for such an order under Rule 26. *Blyther* essentially follows *Snead*, also without discussing the court's authority under Rule 26, such authority being assumed.

*Smith v. Diamond Off Shore Drilling, Inc*., was before the court on plaintiff's motion to compel, *inter alia*, surveillance evidence; defendant objected on work product grounds. The court overruled the work product objection, but recognized the competing interests of the parties in the surveillance material:

> [T]he Court believes that a reasonable compromise between the Plaintiff's interests and those of the Defendant is to require the Defendant to disclose, before the taking of the Plaintiff's deposition, the existence of any surveillance evidence of the Plaintiff and the date on which the surveillance was obtained, and to indicate whether the surveillance is in the form of film, videotape, or still photographs. n4 However, the Defendant is not required to reveal the substance of the surveillance, where the surveillance was obtained, or the reason it was obtained. The actual surveillance evidence must be produced within thirty days after the Plaintiff's deposition has been taken.

*Id*. at 587. *Corrigan* also denied a work product objection but allowed the plaintiff to be deposed before surveillance materials were turned over. *Forbes* also supports production of the surveillance

material, but only after the plaintiff's deposition has been taken. Thus the case law on point unanimously supports Defendant's position. The leading commentators are of the same persuasion. See 8 Wright & Miller, Federal Practice and Procedure: Civil 2d §2015. Plaintiff's objection that *Snead* is old law is not particularly persuasive since it was decided after Plaintiff's trial attorney and the undersigned were admitted to practice. More importantly, Plaintiff has cited no law to the contrary.

Given the promptness with which Defendant asserted its position after responding to the request for production, the Court finds it has not waived its right to assert this position.

Accordingly, it is hereby ORDERED that Defendant produce the withheld surveillance materials not later than fifteen days after Plaintiff's deposition is taken.

November 30, 2006.

                                                s/ Michael R. Merz
                                      Chief United States Magistrate Judge